**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:
SCHIFF FINE ART, LLC,

Case No. 24-10039 (DSJ)

Debtor.
------------------------------------------------------------x

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") is made as of February 5, 2025 by and between Deborah J. Piazza, as Chapter 7 Trustee ("Trustee") of the estate ("Debtor's Estate") of debtor Schiff Fine Art, LLC (the "Debtor" or "SFA"), and Victoria Miro Gallery Limited ("VMG"). The Trustee and VMG are referred to herein at times as the "Parties" and each individually as a "Party."

**WHEREAS**, on January 10, 2024 (the "Petition Date"), an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") was filed against the Debtor with the above-captioned Court (the "Bankruptcy Court") by certain petitioning creditors;

**WHEREAS**, on March 12, 2024, the Bankruptcy Court entered an Order for Relief under Chapter 7 of the Bankruptcy Code with respect to the Debtor;

**WHEREAS**, on March 15, 2024, Trustee was appointed as interim Chapter 7 Trustee of the Debtor and has since qualified and is the permanent Chapter 7 Trustee of the Debtor;

**WHEREAS**, prior to the Petition Date, the Debtor had tendered certain funds to VMG as a deposit in furtherance of the Debtor's then-anticipated purchase of a specific work of art (the "Artwork") from VMG as follows:

| Artwork | Total Price | Deposit Tendered by Debtor to VMG |
|---|---|---|
| Yayai Kusama, *The Sun Rises*, 2018 | $807,500.00[1] | $655,611.11[2] |

WHEREAS, deposits were tendered to VMG as follows:

| Account | Type | Date | Amount |
|---|---|---|---|
| City National Bank | Wire Transfer | 09/04/2019 | $200,000.00 |
| City National Bank | Check | 06/01/2020 | $50,000.00 |
| City National Bank | Check | 09/30/2020 | $28,000.00 |
| Amex Bus Platinum Card | Credit Card | 03/02/2020 | $253,841.94 |
| City National Bank | Check | 08/03/2021 | $25,000.00 |
| City National Bank | Check | 12/08/2021 | $25,000.00 |
| City National Bank | Check | 02/24/2022 | $25,000.00 |
| City National Bank | Check | 04/29/2022 | $25,000.00 |
| City National Bank | Check | 08/31/2022 | $28,641.33 |
| Less Credit Card Fees | | | ($4,782.16) |
| | | Total: | $655,611.11 |

WHEREAS, the purchase price was never paid in full and, as a result, the Artwork was never sold or otherwise delivered to the Debtor or its estate;

WHEREAS, the Trustee asserts that, in SFA's instant chapter 7 case, in the personal chapter 7 case of SFA's principal, Lisa Schiff, and/or in SFA's Assignment for the Benefit of Creditors proceeding that was pending prior to the filing of the involuntary chapter 7 petition against SFA with the Bankruptcy Court, creditor Candace Barasch ("Barasch") made various allegations regarding the Artwork including that, in 2019, Barasch paid SFA or Schiff for the Artwork but subsequently learned that Schiff/SFA did not fully pay VMG for the Artwork; that there was an outstanding balance owed to VMG toward the purchase of the Artwork; and that Barasch has a right to or other interest in the funds deposited by the Debtor with VMG toward the purchase of the Artwork;

---

[1] Representing a gross purchase price of $850,000.00, net of an agreed-upon 5% ($42,500) discount.

[2] Representing gross deposit funds of $660,393.27 tendered by the Debtor to VMG, net of credit card processing fees incurred by VMG with respect thereto.

2

**WHEREAS**, the Trustee: (a) denies having knowledge or information sufficient to form a belief as to the truth of Barasch's allegations with respect to the Artwork and takes no position with respect thereto at this time; (b) disputes Barasch's assertions with respect to the funds deposited by the Debtor with VMG toward the purchase of the Artwork, and (c) unless otherwise expressly set forth in this Stipulation, reserves all rights, defenses and objections with respect to the foregoing and the funds deposited with VMG toward the purchase of the Artwork insofar as those matters relate to claims by Barasch or any third-party; provided however, that the Parties acknowledge that this reservation of the Trustee does not affect VMG in light of the provisions of this Stipulation, including the mutual releases provided for herein;

**WHEREAS**, the Trustee had made a demand on VMG for a turnover of $694,676.60 by VMG which funds the Trustee alleged were deposited by the Debtor with VMG as a deposit toward the Debtor's purchase of the Artwork and which amount the Trustee alleged was property of the Debtor's Estate;

**WHEREAS**, in response to the Trustee's demand, VMG (informally) disputed the Trustee's alleged entitlement to turnover of the amount of funds the Trustee demanded and of the entirety of the deposited funds the Trustee had demanded, including on the alleged grounds that the Debtor had breached its agreement with VMG concerning the purchase of the Artwork thereby resulting in damages to VMG, which VMG was entitled to set off against the deposited funds;

**WHEREAS**, special counsel to the Trustee and counsel to VMG have conferred and VMG produced documents concerning the potential merits, and the extent, of the Trustee's asserted turnover claim with respect to the funds deposited with VMG toward the purchase of the Artwork and any potential claims or defenses assertable by VMG;

**WHEREAS**, VMG has provided the Trustee with evidence that the amount deposited with VMG toward the purchase of the Artwork was $660,393.27, and $655,611.11 net of credit card processing fees incurred by VMG with respect thereto (the "Deposit Funds");

**WHEREAS**, in light of the issues presented, and in order to avoid the cost of litigation and the risks attendant thereto, the Trustee and VMG have determined to resolve the Trustee's demand for turnover of the funds deposited with VMG toward the purchase of the Artwork upon the terms, conditions and provisions of this Stipulation, subject to the entry of an order of the Bankruptcy Court approving this Stipulation after notice and a hearing, provided that it has become a final order not subject to appeal or review ("Approval Order"); and

**WHEREAS**, the Trustee and VMG have carefully considered the terms of this Stipulation and are satisfied that it is fair and reasonable.

**NOW, THEREFORE**, in consideration of the mutual promises set forth herein, the Trustee, on behalf of the Debtor's Estate, and VMG do hereby stipulate and agree as follows:

1. Within five business days of the execution of this Stipulation by the last of the Parties and Escrow Agent (hereinafter defined) to sign it, VMG shall deposit the sum of $640,000.00 (the "Turnover Amount") with Withers Bergman LLP as escrow agent ("Escrow Agent"), to be held in escrow pursuant to the terms of this Stipulation.

2. VMG represents to the best of its knowledge and belief formed after due inquiry, that, other than the Turnover Amount, it is not in possession, custody or control of any funds or other property of value belonging to the Debtor or its estate or in which the Debtor or its estate have any interest.

3. Escrow Agent will hold the Turnover Amount in a non-interest-bearing bank IOLA account for the benefit of the Parties and shall have no liability or responsibility to either Party for the security of the Turnover Amount after the deposit thereof with the depository bank.

4. Effective as of the date the Approval Order becomes final and non-appealable, VMG will be deemed to have waived any claim that it may have or claim to have against the Trustee or the Debtor's Estate arising with respect to the Deposit Funds and/or the Artwork.

5. Effective as of the date the Approval Order becomes final and non-appealable, the Trustee and the Debtor's Estate will be deemed to have waived any and all claims that either of them may have or claim to have against VMG concerning, arising out of or related to the funds the Debtor paid to VMG and/or the Artwork.

6. Within three (3) business days of receiving notice that the Approval Order has become a final, non-appealable order, Escrow Agent shall release and wire transfer the Turnover Amount to the Trustee's bonded bank account (the "Trustee's Account") pursuant to the wire transfer instructions the Trustee provides to the Escrow Agent. Upon disapproval of this Stipulation by a final, non-appealable order of the Bankruptcy Court, Escrow Agent shall release the Turnover Amount to VMG.

7. Upon the Trustee's receipt thereof from Escrow Agent, the Turnover Amount shall be held in the Trustee's Account pending entry of an order of the Bankruptcy Court determining or approving a resolution of the rights, claims and interests of the Debtor's Estate, on one hand, and Barasch, on the other hand, with respect to the Turnover Amount, and with respect to which the Trustee expressly reserves all rights, defenses and objections.

8. The Trustee and VMG acknowledge that this Stipulation and the settlement described herein are subject to the approval of the Bankruptcy Court. Upon execution of this Stipulation by all Parties and Escrow Agent, and the Trustee's receipt of written confirmation from Escrow Agent that the Turnover Amount has been received in escrow, the Trustee will, within three (3) business days, file a motion requesting the Bankruptcy Court's approval of this Stipulation and the settlement terms. In the event this Stipulation is not approved by the Bankruptcy Court in a final,

non-appealable order, this Stipulation shall become null and void, and neither the terms nor statements contained in this Stipulation, any discussions between counsel that preceded and related to the preparation and submission of this Stipulation, any motion filed seeking Bankruptcy Court approval of this Stipulation, nor any correspondence related to the negotiation, drafting or approval of this Stipulation, shall be argued to the Bankruptcy Court, or deemed, to be an admission by or against any Party's interest in any action or proceeding by and between the Parties or any of them.

9. Upon the date on which the Approval Order becomes a final non-appealable order, and except with regard to any claims concerning any breach of this Stipulation, the Trustee and the Debtor's Estate, on one hand, and VMG, on the other hand, and together with their respective predecessors, successors, assigns, heirs, executors, administrators, officers, directors, shareholders, partners, agents, representatives, parents, divisions, subsidiaries, insurers, guarantors, and attorneys, shall be deemed to have released and discharged one another from any and all actions, causes of action, expenses, claims, suits, debts, liabilities, judgments, damages and demands of any kind which any or some of them may have or claim to have arising from the claims and allegations concerning the Artwork or any funds the Debtor deposited with VMG toward the purchase of the Artwork.

10. The following additional terms and conditions shall apply with respect to Escrow Agent:

   a. Any notices given to Escrow Agent shall be effective only upon Escrow Agent's actual receipt thereof.

   b. Escrow Agent is acting as a stakeholder only. In the event that any issue of any nature should arise which causes Escrow Agent to have any concern in respect to its duties and responsibilities, then Escrow Agent may make a letter request to the Bankruptcy Court on two (2) days' notice for a chambers conference to resolve any such issues.

   c. If any claims, judgments, liabilities, obligations, costs and/or expense (including reasonable attorneys' fees and disbursements) of whatever nature are asserted against Escrow Agent in connection with this Stipulation,

            Escrow Agent shall be authorized to make an immediate application to the Bankruptcy Court for an Order holding Escrow Agent harmless therefor.

d.    Escrow Agent shall be relieved of any further obligation as Escrow Agent with respect to the Turnover Amount upon release thereof in accordance with the terms of this Stipulation.

e.    Escrow Agent undertakes to perform only such duties as are expressly set forth herein and may rely upon, and shall be protected in acting upon, any written notices, instructions, or requests furnished to it hereunder and reasonably believed by it to be genuine and having been signed or presented by the proper parties.

f.    Escrow Agent shall not be liable for any action it takes in good faith and which it reasonably believes to be authorized or within the rights or power conferred upon it by this Agreement and shall be fully authorized to perform and protect against any action taken or suffered by it hereunder in good faith.

g.    Escrow Agent shall not be liable for any delay or failure by the Parties' banks or anyone else in executing instructions given by the Escrow Agent to the Parties' banks.

h.    Upon delivery of the Turnover Amount to either Trustee, VMG, or a court of competent jurisdiction under and pursuant to the terms herein, Escrow Agent shall be relieved of all liability, responsibility or obligation with respect to or arising out of the Turnover Amount and any and all of its obligations arising therefrom.

i.    Trustee acknowledges that Escrow Agent has represented VMG in connection with this Stipulation and agrees that Escrow Agent shall be permitted to act as counsel for VMG in connection with the transactions contemplated by this Stipulation and in connection with any dispute between the parties, whether or not Escrow Agent is in possession of the Escrow Amount, or any portion thereof, and continues to act as Escrow Agent.

j.    The Parties hereby waive any conflict of interest that currently exists or that may in the future exist by reason of the fact that Escrow Agent has represented and will continue to represent VMG in the matters described above and is concurrently serving as Escrow Agent hereunder. The Parties agree that they will not attempt to revoke their waiver hereunder at a later date, and the Trustee agrees that she will not seek to disqualify the Escrow Agent from continuing to represent VMG in these matters, by reason of its service as Escrow Agent hereunder.

11.    The Trustee and VMG represent and warrant to each other that they are authorized and entitled to enter into and execute this Stipulation and bind themselves and all persons

and entities to be so bound, and they each represent and warrant that they are the sole owner of, and have not sold, pledged, hypothecated, assigned or transferred, the claims being released herein.

12. The Trustee and VMG acknowledge that this Stipulation is a compromise of a disputed claim, and that none of them admits, and each expressly denies, any liability on its part.

13. This Stipulation contains the entire agreement between the Parties and may only be modified in a writing expressly referring to this Stipulation that is signed by the Parties or their duly appointed agents.

14. Each Party acknowledges that it has read all of the terms of this Stipulation and enters into this Stipulation voluntarily, without duress and having had an opportunity to consult with independent counsel of its own choosing with respect thereto.

15. This Stipulation shall be deemed to have been jointly drafted by the Parties and, in construing and interpreting this Stipulation, no provision shall be construed and/or interpreted for or against any of the Parties because such provision, or any other provision, or the Stipulation as a whole, was purportedly prepared or requested by such Party.

16. This Stipulation may be executed in counterparts, with each part being deemed a part of the original document.

17. This Stipulation may be signed by facsimile or e-mail scan transmission which signatures shall be treated as original signatures.

18. This Stipulation shall be binding upon the Parties' successors and assigns, including any subsequently appointed trustee or other fiduciary, and shall inure to the benefit of the Parties' successors and assigns. All references herein to the Trustee and VMG shall be deemed to include their successors and assigns

| PICK & ZABICKI LLP | WITHERS BERGMAN LLP |
|---|---|
| By: *(signature)* <br> Eric C. Zabicki <br> 369 Lexington Avenue, 12th Floor <br> New York, NY 10017 <br> Telephone: (212) 695-6000 | By: *(signature)* <br> Dean Nicyper <br> 430 Park Avenue <br> New York, NY 10022 <br> Telephone: (212) 848-9800 |
| *Special Counsel to the Trustee* | *Counsel to Victoria Miro Gallery Limited* |

WITHERS BERGMAN LLP, AS
ESCROW AGENT ONLY

By: *(signature)*
Dean Nicyper