**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, as Chapter 7 Trustee*
*of the estate of Schiff Fine Art, LLC*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Michael Z. Brownstein, Esq.
Jill Makower, Esq.
mbrownstein@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                    Chapter 7 (Involuntary)

SCHIFF FINE ART, LLC,                                     Case No. 24-10039 (DSJ)

                                    Debtor.

-----------------------------------------------------------x

**NOTICE OF HEARING ON CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE TRUSTEE'S PRIVATE SALE OF THE ESTATE'S INTEREST IN CERTAIN ARTWORKS TO JONATHON KOMACK MARTIN IN "AS IS" AND "WHERE IS" CONDITION, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

TO ALL KNOWN CREDITORS AND PARTIES-IN-INTEREST, ALL PARTIES REQUESTING NOTICE, AND THE UNITED STATES TRUSTEE:

**PLEASE TAKE NOTICE** that upon her motion, dated February 26, 2025, and the exhibits annexed thereto (the "Motion"), Deborah J. Piazza, as Chapter 7 trustee (the "Trustee") of the estate of Schiff Fine Art, LLC, the above-captioned debtor (the "Debtor"), by her counsel, Tarter Krinsky & Drogin LLP, will move this Court for entry of an order, pursuant to 11 U.S.C. §§105(a), 363(b), (f) and (m) and Fed. R. Bankr. P. 6004, authorizing the Trustee to sell the Debtor's estate's interest in certain artworks listed and more fully described in the Purchase Agreement[1] annexed to the Motion as Exhibit "A" in "as is" and "where is" condition, free and clear of all liens, claims and encumbrances, via private sale to Jonathon Komack Martin ("J.K. Martin" or "Purchaser"), for the sum of $90,000 plus applicable sales taxes in accordance with the terms of the Purchase Agreement between the Trustee, as seller, and J.K. Martin, as purchaser, at a hearing to be held via *Zoom for Government* before the Honorable David S. Jones,

---

[1] All capitalized terms utilized but not defined herein shall have the meanings ascribed to them in the Motion or the Purchase Agreement annexed to the Motion.

United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10004, on **March 26, 2025 at 10:00 a.m.**, or as soon thereafter as counsel may be heard (the "Hearing").

      **PLEASE TAKE FURTHER NOTICE** that the Motion, including exhibits, has been filed electronically with the Clerk of the Court and may be inspected by all registered users of the Court's website at http://www.nysb.uscourts.gov. Copies of the Motion may also be obtained by email request to the undersigned counsel for the Trustee, Attn: Michael Z. Brownstein, Esq., at mbrownstein@tarterkrinsky.com.

      **PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the Motion or any of the relief requested therein (i) shall be set forth in a writing describing the basis therefor, identify the specific property at issue (if any), attach all relevant documentation, and conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York; and (ii) shall be filed and served as follows, so as to be received no later than **March 19, 2025**:

    (i)      shall be filed with the Bankruptcy Court (a) in accordance with General Order M-399, electronically, by registered users of the Bankruptcy Court's case filing system, or (b) in accordance with Local Bankruptcy Rules 5005-1 and 9004-1, submitted to the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004;

    (ii)      shall be submitted in hard-copy form directly to the chambers of the Honorable David S. Jones, United States Bankruptcy Judge, at the Bankruptcy Court, One Bowling Green, New York, New York 10004 in accordance with Local Bankruptcy Rule 9070-1; and

    (iii)      shall be served upon: (a) Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018 (Attn: Michael Z. Brownstein, Esq. and Jill Makower, Esq.), counsel to the Trustee; and (b) the Office of the United States Trustee, One Bowling Green, Room 534, New York, New York 10004 (Attn: Shara Cornell, Esq.).

**PLEASE TAKE FURTHER NOTICE**, that the Hearing will be held via Zoom for Government.[2] The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

Dated: New York, New York
      February 26, 2025

              **TARTER KRINSKY & DROGIN LLP**
              *Attorneys for Deborah J. Piazza, Chapter 7*
              *Trustee of the estate of Schiff Fine Art, LLC*

      By:  /s/ Michael Z. Brownstein
           Michael Z. Brownstein, Esq.
           Jill Makower, Esq.
           1350 Broadway, 11th Floor
           New York, New York 10018
           (212) 216-8000
           mbrownstein@tarterkrinsky.com
           jmakower@tarterkrinsky.com

---

[2] Any party who wishes to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, needs to register by March 25, 2025 at 4:00 p.m. an electronic appearance by going to Judge Jones' chambers page on the Court website, https://www.nysb.uscourts.gov/content/judge-david-s-jones, and clicking on the "eCourtAppearances" tab.

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, as Chapter 7 Trustee*
*of the estate of Schiff Fine Art, LLC*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Michael Z. Brownstein, Esq.
Jill Makower, Esq.
mbrownstein@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:                                                                    Chapter 7 (Involuntary)

SCHIFF FINE ART, LLC,                                      Case No. 24-10039 (DSJ)

                                            Debtor.
--------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE TRUSTEE'S PRIVATE SALE OF THE ESTATE'S INTEREST IN CERTAIN ARTWORKS TO JONATHON KOMACK MARTIN IN "AS IS" AND "WHERE IS" CONDITION, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

TO:    THE HONORABLE DAVID S. JONES
        UNITED STATES BANKRUPTCY JUDGE

        Deborah J. Piazza, as Chapter 7 trustee (the "Trustee") of the estate of Schiff Fine Art,

LLC, the above-captioned debtor (the "Debtor"), by her counsel, Tarter Krinsky & Drogin LLP,

as and for her motion (the "Motion"), for entry of an order, pursuant to §§105(a), 363(b), (f) and

(m) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),  authorizing her to sell the Debtor's

interest in certain artworks in "as is" and "where is" condition, free and clear of all liens,

claims and encumbrances, via private sale to Jonathon Komack Martin ("J.K. Martin" or "Purchaser"), for the sum of $90,000 in accordance with the terms of the Purchase and Sale Agreement (defined below) dated February 12, 2025 (the "Purchase Agreement") between the Trustee and J.K. Martin, respectfully sets forth and represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this case and Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012 (M-431). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a) and 363; Bankruptcy Rules 2002 and 6004; and Local Rules 2002-1 and 6004-1.

## SUMMARY OF RELIEF REQUESTED

4.      The Trustee, with the assistance and involvement of her art advisor, Winston Art Group ("WAG"), and her other professionals, has made extensive efforts to locate, inventory, and secure hundreds of artworks constituting assets of the Debtor's estate with the ultimate goal of liquidating them for the benefit of the creditors of the Debtor's estate, and the Trustee has sought and obtained various orders authorizing numerous public and private sales of artworks owned or co-owned by the Debtor. Numerous such artworks have been sold, as the record (including filed reports of sale) reflects, and the Trustee and her professionals continue to successfully liquidate property of the estate for the benefit of the Debtor's creditors.

5.      By this Motion, the Trustee seeks authority to sell, by private sale to J.K. Martin,

the Debtor's estate's 50% interest in six artworks co-owned by the Debtor and J.K. Martin for the sum of $90,000 plus J.K. Martin's payment of relevant sales taxes aggregating $7,535.85, for the total payment of $97,535.85.  As demonstrated below, the private sale to J.K. Martin, who holds a 50% ownership in the subject artworks, represents a sound exercise of business judgment by the Trustee, and the purchase price is fair and reasonable.

## BACKGROUND

6.     The Debtor had been engaged in the business of advising and assisting clients in the purchase and sale of fine artworks, including the buying and selling of artworks for its own account and on behalf of clients.

7.     On January 10, 2024 (the "Petition Date"), an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against the Debtor with this Court by certain petitioning creditors. On March 12, 2024, an Order for Relief under Chapter 7 of the Bankruptcy Code with respect to the Debtor was entered.  On March 15, 2024, the Trustee was appointed as interim Chapter 7 Trustee of the Debtor.   The Trustee has since qualified and is the permanent Chapter 7 Trustee of the Debtor's estate (the "Estate").

## SALE TO J.K. MARTIN

8.     On May 16, 2024, the Debtor filed its Schedules of Assets and Liabilities (the "SFA Schedules") [ECF No. 65].  Schedule A/B of the SFA Schedules state that the Purchaser is a 50% co-owner with the Debtor of the following six (6) pieces of art:

1.  Karl Holmqvist
    *Untitled (BIG ASS PAINTING)*
    2015
    UV ink and safety pins on canvas

2.  Kenneth Anger
    *Hollywood Babylon*
    1975/2000

Neon, plexiglass

3. Ivy Haldeman
   *Close Up, Shadow Touches Lips, Finger Tip to Frame, Heel Up*
   2019
   Acrylic on Canvas

4. Jon Joanis
   *Night Rainbow 2*
   2022
   Acrylic, gouache, colored pencil, wax pastel, glow-in-the-dark paint, mica pigments and coffee grounds on Arches paper

5. Nicole Wittenberg
   *Water Birch 4*
   2021
   Oil on linen

6. Spencer Lewis
   *Untitled*
   2019-2021
   Oil, acrylic, enamel, and ink on jute

(collectively, the "Artwork").

9.       As a result, the Trustee undertook an investigation to determine whether the SFA Schedules were correct and consulted WAG in that regard and additionally discussed with WAG the value of the Artwork.  As a result of those discussions, it was determined by the Trustee in her best business judgment that it made practical sense to negotiate with J.K. Martin in respect of the purchase of the Artwork.  As a result of the Trustee's and WAG's review of the relevant records (including documentation provided by J.K. Martin), the Trustee was able to confirm that the Artwork is owned 50% by the Purchaser and 50% by the Estate, and is in the possession of the Purchaser.

10.      As a result of extensive negotiations and discussions, and a thorough investigation of the value and ownership of the Artwork, the Trustee, through her counsel, was able to negotiate a purchase price with J.K. Martin of $90,000 plus appropriate sales taxes for the purchase of the

Trustee's 50% interest in the Artwork.

## THE PURCHASE AGREEMENT

11.    As a result of the negotiations between the Trustee's professionals and J.K.

Martin's counsel which were conducted in good faith and at arm's length, the Purchase Agreement,

annexed hereto as **Exhibit "A"**, was entered into, the salient terms of which are as follows:[1]

> a.    J.K. Martin agrees to pay the Purchase Price in the amount of $90,000 and the sales taxes in the amount of $7,535.85, for the total sum of $97,535.85, simultaneously with the execution of the Purchase Agreement, which funds shall be held in the Trustee's bonded bank account pending Bankruptcy Court approval of the private sale.[2]

> b.    Purchaser acknowledges that he is purchasing the Estate's right, title and interest in the Artwork "As Is" and "Where Is" without any representations or warranties by the Trustee or the Estate, whether express or implied, and without recourse against the Estate, the Trustee or the Trustee's professionals. In addition, the Purchaser waives, withdraws and agrees not to assert or file any claims in the Debtor's bankruptcy case.

> c.    The Purchase Agreement and transactions described therein are subject to, and shall be effective upon, approval thereof by the Bankruptcy Court pursuant to entry of: (a) a final, non-appealable Order; or (b) entry of an Order waiving the 14-day period under Bankruptcy Rule 6004(h) authorizing the Trustee to sell the Estate's interests in the Artwork to the Purchaser immediately upon entry of said Order, whichever occurs earlier ("Bankruptcy Court Approval").  Upon execution of the Purchase Agreement by all Parties and the Trustee's receipt and clearance of the Purchase Price, the Trustee will promptly seek Bankruptcy Court Approval. If Bankruptcy Court Approval is not granted for any reason, the Purchase Agreement shall be void and the Trustee shall promptly return the Purchase Price and the Sales Taxes to the Purchaser.  Upon the confirmation of the Sale, the Purchase Price shall become property of the Estate and the Sales Taxes shall be remitted by the Trustee to the appropriate taxing authority.

> d.    The Bankruptcy Court shall have exclusive jurisdiction over any disputes regarding the interpretation or enforcement of the Purchase Agreement.

---

[1] This section is intended only to summarize the general terms of the Purchase Agreement. This Court and all parties in interest are respectfully referred to the Purchase Agreement for its specific terms.  Further, all terms utilized herein shall have the meanings ascribed to them in the Motion or Purchase Agreement.

[2] The Trustee has received the aggregate sum of $97,535.85 from an entity solely owned and controlled by J.K. Martin and has placed the funds in her bonded escrow account.

e.     The Purchase Agreement is intended to cover solely the private sale of the Artwork and no other matters, and the Parties reserve and preserve, except as set forth in the Purchase Agreement, all other claims, defenses, rights and remedies in respect of any other transaction or property.

12.     Based on the foregoing, the Trustee believes that the Purchase Price is fair and reasonable.

## RELIEF REQUESTED

13.     By this Motion, the Trustee seeks entry of an order, pursuant to Sections 363(b), (f), and (m) of the Bankruptcy Code, approving a private sale of the Artwork to J.K. Martin pursuant to the terms of the Purchase Agreement in "as is" and "where is" condition, free and clear of all liens, claims, encumbrances and interests, and deeming J.K. Martin a good faith purchaser.

14.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1).

15.     To sell property under section 363(b), the Trustee must demonstrate a legitimate business justification for the proposed transaction. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel)*, 722 F.2d 1063, 1071 (2d Cir.1983). *See also Parker v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, 430 B.R. 65, 83 (S.D.N.Y.2010) ("The overriding consideration for approval of a Section 363 sale is whether a 'good business reason' has been articulated."), *citing, inter alia*, *In re Chrysler LLC*, 576 F.3d 108, 114 (2d Cir.2009); *In re Iridium Operating LLC*, 478 F.3d 452, 466 (2d Cir.2007). In determining whether a good business reason exists to grant a motion to approve a sale pursuant to Section 363(b), "a court should consider 'all of the salient factors pertaining to the proceeding' and 'act to further the diverse interests of the debtor, creditors, and equity holders.'" *See In re Chrysler LLC*, 405 B.R. 84, 95 (Bankr.S.D.N.Y.2009), aff'd, 576 F.3d 108 (2d Cir.2009), vacated as moot, 558 U.S. 1087, 130

S.Ct. 1015, 175 L.Ed.2d 614 (2009), *citing Lionel*, 722 F.2d at 1071.

16.     Once the trustee articulates a sound business justification, there "'is a presumption that in making a business decision the [decision maker] acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'"  *See Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.)*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993) (citation omitted).

17.     The Trustee respectfully submits that the proposed sale of the Artwork to J.K. Martin on a private sale basis under the terms of the Purchase Agreement represents a sound exercise of business judgment by the Trustee.  In this respect, the Trustee believes that the proposed sale represents the best possible means for the Estate to recover the value of the Artwork under the circumstances and would also further the interests of the Debtor's creditors in bringing the Trustee's administration of the Estate closer to a conclusion while limiting administrative expenses through an immediate private sale.  As a practical matter, the Trustee submits there is no real market for the sale of the Estate's interest in 50% of each of the Artwork.  Selling the Artwork to J.K. Martin, who is a 50% owner of the Artwork and has physical possession of the Artwork, is the best way for the Trustee to obtain the most value for the Estate's 50% interest in the Artwork. The Trustee respectfully submits that it would be extremely difficult, if not impossible, to find a purchaser to purchase only a 50% interest in the Artwork.  Because WAG has vetted the value of the Artwork and the Purchase Price is reasonable and fair, the Trustee submits that the sale pursuant to the Purchase Agreement should be approved.  Further, the relevant sales tax to be paid by J.K. Martin for the Artworks has been fully vetted and reviewed by the Trustee's accountants (Eisner Advisory Group LLC), and confirmed by the Purchaser's counsel.

18.     Section 363(f) of the Bankruptcy Code provides that property of the estate may be sold pursuant to Section 363(b) free and clear of all liens, claims and encumbrances if:

(1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2)     such entity consents;
(3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4)     such interest is in bona fide dispute; or
(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

19.     A trustee may sell property of a bankruptcy estate outside the ordinary court of business if one of the five conditions under Bankruptcy Code § 363(f) is satisfied. *See In re Grubb & Ellis Co.*, Case No. 12-10685 (MG), 2012 Bankr. LEXIS 1279, at *31 (Bankr. S.D.N.Y. Mar. 27, 2012) (discussing Bankruptcy Code § 363(f)); *In re Borders Group, Inc.*, 453 B.R. 477, 483–84 (Bankr. S.D.N.Y. 2011) (discussing Bankruptcy Code § 363(f)).

20.     As this Court is aware, the Artwork is encumbered by a security interest asserted by City National Bank, which holds claims in both this case and the in the related case of Lisa Schiff, Case No. 24-10010, which claims have been resolved pursuant to a Stipulation which has been noticed for presentment before this Court on February 28, 2025 (the "City National Stipulation") [ECF No. 189].  If approved by this Court, the City National Stipulation will cause City National Bank's claims in both bankruptcy cases to be settled by the payment of $135,000 to City National Bank from funds of this Estate pursuant to appropriate Court order. The Trustee is not aware of any other liens on the Artwork.  The Trustee is providing all creditors and parties-in-interest with notice of the sale of the Artwork and they will have an opportunity to object to the relief requested in this Motion.  Any person or entity that receives notice of the sale of the Artwork and holds a lien against such property but fails to timely object to the Motion shall be deemed to

have consented to the sale free and clear of liens, pursuant to Bankruptcy Code section 363(f)(2). *See, e.g.,* *In re GSC, Inc.*, 453 B.R. 132 (Bankr.S.D.N.Y.2011); *Borders Grp., Inc.*, 453 B.R. 477; *In re Arena Media Networks, LLC*, No. 10–10667(BRL), 2010 WL 2881346, 2010 Bankr. LEXIS 2352 (Bankr. S.D.N.Y. Mar. 22, 2010); *In re Enron Corp.*, 2004 WL 5361245, at *2 (Bankr.S.D.N.Y.2004) ("Those parties who did not object, or who withdrew their objections, to the Motion concerning the sale of the ECTRIC Claim are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code."); *Futuresource LLC v. Reuters, Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) (standing for the proposition that the lack of an objection to a proposed sale of assets counts as consent). Consequently, the Trustee has satisfied section 363(f) of the Bankruptcy Code and should be authorized to sell the Artwork free and clear of all liens, claims and encumbrances.

21.     In addition, J.K. Martin should be entitled to the protections of Section 363(m) as a good-faith purchaser. While the Bankruptcy Code does not define a 'good-faith purchaser,' "most courts have adopted a traditional equitable definition: 'one who purchases the assets for value, in good faith and without notice of adverse claims." *In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997). In the Second Circuit, "[t]he 'good faith' component of the test under § 363(m) speaks to the 'equity of the [purchaser's] conduct in the course of the sale proceedings." *Kabro Assocs. Of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978) (interpreting Bankruptcy Rule 805, the precursor to section 363(m))). As detailed above, J.K. Martin has satisfied each of these requirements for good faith purchaser protection.

22.     Finally, while many sales under Section 363 of the Bankruptcy Code are conducted under competitive bidding procedures, there is no requirement to do so for this specific group of

assets. Bankruptcy Rule 6004(f) specifically contemplates private sales with the statement that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Fed. R. Bankr. P. 6004(f)(1). Courts have noted that private sales are appropriate under § 363 in certain circumstances. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("[u]nlike judicial sales under the Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who 'has ample discretion to conduct public or private sales of estate property'") (internal citation omitted); *In re Woodscape Ltd. P'ship*, 134 B.R. 165, 174 (Bankr. D. Md. 1991) (with regards to § 363 sales, noting that "[t]here is no prohibition against a private sale . . . and there is no requirement that the sale be by public auction").

23.     Courts in this District have approved private sales of assets when they conclude that the general standards for approval under Section 363 of the Bankruptcy Code are satisfied. *See, e.g.*, *In re Amelio*, Case No. 17-12482 (CGM) (Docket No. 340); *In re Manus*, Case No. 05-10338 (SCC) (Docket No. 412); *In re Wellman*, Inc., Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. Oct. 14, 2008) (Docket No. 557) (procedures order recognizing good and sufficient reasons for selling one of debtors' facilities by private sale) and (Docket No. 598) (order approving same via private sale).

24.     In the present case, the private sale to J.K. Martin should be approved in light of the reasonableness of the purchase price as determined by WAG, the fact that J.K. Martin is a 50% owner of the Artwork, the fact that the market for the sale of the Estate's 50% interest is limited, and the arms' length negotiation. Based upon the facts set forth herein, the Trustee does not believe that a higher purchase price for the Estate's interest in the Artwork can be realized.

25.     Based on the foregoing, the Trustee submits that the terms of the Purchase Agreement, including the fact that no competitive bidding is necessary, are fair and reasonable

under the circumstances. Accordingly, the Trustee requests that the Court approve the private sale of the Debtor's Artwork to J.K. Martin free and clear of all liens, claims and encumbrances and that J.K. Martin be deemed a good faith purchaser pursuant to § 363(m) of the Bankruptcy Code.

## A.     Extraordinary Provision Pursuant to the Amended Guidelines

26.     Pursuant to Local Rule 6004-1(j) and the *Guidelines for the Conduct of Asset Sales* (updated June 17, 2013) (the "Sale Guidelines") established by the United States Bankruptcy Court for the Southern District of New York, which Sale Guidelines are intended to supplement the requirements of Sections 363(b) and 365 of the Bankruptcy Code, Rules 2002 and 6004 of the Bankruptcy Rules, and Local Rules 6004-1 and 6005-1, a private sale is considered an "extraordinary provision" and must be disclosed separately within the Motion.

27.     The Trustee submits that the private sale contemplated in the Purchase Agreement may be considered extraordinary under the Sale Guidelines, and for all the reasons stated above, and it is submitted that the approval of the proposed private sale of the Artwork to J.K. Martin is warranted, is likely to maximize the sale prices of this particular estate property, and is therefore in the best interest of the estate.

## B.     Waiver of the Stay Under Bankruptcy Rule 6004(h)

28.     Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The Trustee respectfully requests that the order approving the sale of the Artwork to J.K. Martin be effective immediately by providing the stay under Bankruptcy Rule 6004(h) is waived. The nature of this sale, the amount involved, and the nature of the assets generally, call for a prompt closing without the need for a stay of the approval order.

## NOTICE AND PROCEDURE

29.     Notice of the Motion is being served upon J.K. Martin's counsel, all known creditors and parties-in-interest, all parties requesting notice, and the United States Trustee. The Trustee submits that no other or further notice is required or necessary.

## NO PRIOR RELIEF

30.     No prior application or motion for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court (i) enter an order, substantially in the form annexed as **Exhibit "B"**, pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code, approving the sale of the Artwork to J.K. Martin via private sale pursuant to the terms of the Purchase Agreement, in "as is" and "where is" condition, free and clear of all liens, claims and encumbrances, and (ii) grant the Trustee such other and further relief as is just and proper.

Dated: New York, New York
      February 26, 2025

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, Chapter 7*
*Trustee of the estate of Schiff Fine Art, LLC*

By:   /s/ Michael Z. Brownstein
    Michael Z. Brownstein, Esq.
    Jill Makower, Esq.
    1350 Broadway, 11th Floor
    New York, New York 10018
    (212) 216-8000
    mbrownstein@tarterkrinsky.com
    jmakower@tarterkrinsky.com

**EXHIBIT A**

# PURCHASE AND SALE AGREEMENT

This **PURCHASE AND SALE AGREEMENT** (the "Agreement") is made as of February 12, 2025 by and between Jonathon Komack Martin, as purchaser (the "Purchaser"), and Deborah J. Piazza, solely as Chapter 7 Trustee of Schiff Fine Art, LLC, as seller (the "Trustee") (each of the afore-named persons a "Party" and, together, the "Parties").

**WHEREAS**, Schiff Fine Art, LLC (the "Debtor") had been engaged in the business of advising and assisting clients in the purchase and sale of fine art;

**WHEREAS**, on January 10, 2024, an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") was filed against the Debtor with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") thereby commencing a case entitled *In re Schiff Fine Art, LLC*, Case No. 24-10039 (DSJ);

**WHEREAS**, on March 12, 2024, an Order for Relief under Chapter 7 of the Bankruptcy Code with respect to the Debtor was entered by the Bankruptcy Court;

**WHEREAS**, the Trustee is the duly appointed Chapter 7 Trustee of the Debtor's estate (the "Estate");

**WHEREAS**, on May 16, 2024, the Debtor filed its Schedules of Assets and Liabilities (the "SFA Schedules") [ECF No. 65];

**WHEREAS**, Schedule A/B of the SFA Schedules state that the Purchaser is a 50% co-owner with the Debtor of the following six (6) pieces of art:

1. Karl Holmqvist
   *Untitled (BIG ASS PAINTING)*
   2015
   UV ink and safety pins on canvas

2. Kenneth Anger
   *Hollywood Babylon*
   1975/2000
   Neon, plexiglass

3. Ivy Haldeman
   *Close Up, Shadow Touches Lips, Finger Tip to Frame, Heel Up*
   2019
   Acrylic on Canvas

4. Jon Joanis
   *Night Rainbow 2*
   2022
   Acrylic, gouache, colored pencil, wax pastel, glow-in-the-dark paint, mica pigments

and coffee grounds on Arches paper

5. Nicole Wittenberg
   *Water Birch 4*
   2021
   Oil on linen

6. Spencer Lewis
   *Untitled*
   2019-2021
   Oil, acrylic, enamel, and ink on jute

(collectively, the "Artwork"), which the Purchaser represents are co-owned 50% each by the Purchaser and the Estate and which the Trustee has been able to determine after reviewing appropriate documentation to the effect that the Artwork was jointly purchased by the Purchaser and the Debtor and is now in the possession of the Purchaser;

**WHEREAS**, the Purchaser wishes to purchase, and the Trustee wishes to sell to the Purchaser, the Estate's interests in the Artwork (the "Sale"); and

**WHEREAS**, after extensive good faith, arms-length negotiations and discussions the Purchaser and the Trustee have agreed to the Sale upon the terms and conditions of this Agreement.

**NOW, THEREFORE**, in consideration of the foregoing recitals and the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree as follows:

1.     The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Agreement.

2.     The Trustee agrees to sell, transfer, assign and convey to the Purchaser, and the Purchaser agrees to purchase in a private sale, on an "As Is, Where Is" basis, and free and clear of any liens, claims or encumbrances, all of the Estate's right, title and interest in and to the Artwork for the purchase price of $90,000.00 (the "Purchase Price") in addition to appropriate sales taxes (the "Sales Taxes").

3.     The Purchase Price in the amount of $90,000.00 and the Sales Taxes in the amount of $7,535.85 for the total sum of $97,535.85 shall be paid by check or money order or wire transfer made payable to "Deborah J. Piazza as Chapter 7 Trustee of Schiff Fine Art, LLC" and shall be delivered to Deborah J. Piazza, Chapter 7 Trustee, c/o Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018, so as to be received simultaneously with the execution of this Agreement by all Parties. The Purchase Price and the Sales Taxes shall be held in the Trustee's bonded bank account pending Bankruptcy Court Approval (hereinafter defined).

4.     The Purchaser acknowledges that the Purchaser is required to pay the Sales Taxes contemplated by this Agreement in connection with the purchase of the Artwork and will remit the Sales Taxes referred to in paragraph 2 and 3 in this Agreement simultaneously with the Purchase Price and the Purchaser agrees to indemnify the Trustee and the Estate in connection with any sales taxes due including the Sales Taxes in connection with the purchase of the Artwork contemplated by this Agreement.

5.     This Agreement and transactions described herein are subject to, and shall be effective upon, approval thereof by the Bankruptcy Court pursuant to entry of: (a) a final, non-appealable Order; or (b) entry of an Order waiving the 14-day period under Bankruptcy Rule 6004(h) authorizing the Trustee to sell the Estate's interests in the Artwork to the Purchaser immediately upon entry of said Order, whichever occurs earlier ("Bankruptcy Court Approval"). Upon execution of this Agreement by all Parties and the Trustee's receipt and clearance of the Purchase Price, the Trustee will promptly seek Bankruptcy Court Approval. If Bankruptcy Court Approval is not granted for any reason, this Agreement shall be void and the Trustee shall promptly return the Purchase Price and the Sales Taxes to the Purchaser. Upon the confirmation of the Sale contemplated herein, the Purchase Price shall become property of the Estate and the Sales Taxes shall be remitted by the Trustee to the appropriate taxing authority.

6.     Purchaser acknowledges that he is purchasing the Estate's right, title and interest in the Artwork "As Is" and "Where Is" without any representations or warranties by the Trustee or the Estate, whether express or implied, and without recourse against the Estate, the Trustee or the Trustee's professionals. In addition, the Purchaser waives, withdraws and agrees not to assert or file any claims in the Debtor's bankruptcy case.

7.     The Bankruptcy Court shall have exclusive jurisdiction over any disputes regarding the interpretation or enforcement of this Agreement.

8.     This Agreement shall be interpreted under the substantive law of the State of New York, without regard for that state's choice of law or conflicts of law provisions.

9.     This Agreement contains the entire agreement between the Parties, and may only be modified in writing signed by the parties or their duly appointed agents.

10.     The Parties shall bear their own attorneys' fees and expenses in connection with the matters resolved hereby, including in connection with this Agreement.

11.     The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Agreement, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts. This Agreement is intended to cover solely the private sale of the Artwork and no other matters and the Parties reserve and preserve, except as set forth herein, all other claims, defenses, rights and remedies in respect of any other transaction or property.

12.     The Parties shall execute and deliver such other and further documents and

perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Agreement.

13.     This Agreement may be signed by the Parties and their respective counsel in counterpart originals and by electronic mail signature, by PDF and/or by facsimile signature, all of which shall be deemed to constitute collectively one original executed version of the Agreement.

14.     The Parties hereby represent and warrant to each other that they have the right, power and authority to enter into this Agreement and to perform their respective obligations hereunder.

15.     The Parties agree to take any and all necessary and reasonable steps, including the signing of documents, to effectuate this Agreement.

16.     This Agreement is not assignable or transferable by either Party.

17.     This Agreement may be executed in counterparts, with each part being deemed a part of the original document.

18.     This Agreement shall be binding upon the parties' successors and assigns, including any subsequently appointed trustee or other fiduciary, and shall inure to the benefit of the parties' successors and assigns.  All references herein to the Trustee and the Purchaser shall be deemed to include their successors and assigns.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date first written above.

> **JONATHON KOMACK MARTIN - PURCHASER**
>
>
> By: /s/ Jonathon Komack Martin
> Jonathon Komack Martin
>
>
> **TORAASON LAW**
> *Attorneys for Jonathon Komack Martin*
>
>
> By: /s/ Bridgette Toraason
> Bridgette Toraason, Esq.
> 18111 Coastline Dr. #1
> Malibu, CA 90265
> 619.218.0033 (c)
> bt@toraasonlaw.com

**DEBORAH J. PIAZZA, CHAPTER 7**
**TRUSTEE OF SCHIFF FINE ART, LLC**


By: /s/ Deborah J. Piazza
    Deborah J. Piazza, solely as Chapter 7
    Trustee of Schiff Fine Art, LLC


**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, Esq., as*
*Chapter 7 Trustee of Schiff Fine Art, LLC*


By: /s/ Michael Z. Brownstein
    Michael Z. Brownstein, Esq.
    Jill Makower, Esq.
    Tarter Krinsky & Drogin, LLP
    1350 Broadway, 11th Floor
    New York, New York 10018
    Telephone: (212) 216-8000
    mbrownstein@tarterkrinsky.com
    jmakower@tarterkrinsky.com

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                    Chapter 7

SCHIFF FINE ART, LLC,                                     Case No. 24-10039 (DSJ)

                              Debtor.
-----------------------------------------------------------x

### ORDER AUTHORIZING CHAPTER 7 TRUSTEE'S PRIVATE SALE OF THE ESTATE'S INTEREST IN CERTAIN ARTWORK TO <u>JONATHON KOMACK MARTIN</u>

Upon the *Chapter 7 Trustee's Motion For An Order Authorizing The Trustee's Private Sale Of The Estate's Interest In Certain Artworks To Jonathon Komack Martin In "As Is" And "Where Is" Condition, Free And Clear Of All Liens, Claims And Encumbrances*, dated February 26, 2025, and the exhibits annexed thereto (the "<u>Motion</u>"), of Deborah J. Piazza, as Chapter 7 trustee (the "<u>Trustee</u>") of the estate of Schiff Fine Art, LLC (the "<u>Debtor</u>"), by her counsel Tarter Krinsky & Drogin LLP, seeking authority to sell, transfer, assign and convey, in a private sale to Jonathon Komack Martin (the "<u>Purchaser</u>"), all of the Debtor's estate's right, title and interest in and to the Artwork[1], pursuant to 11 U.S.C. §§ 363(b), (f) and (m), Fed. R. Bankr. P. 6004, and Local Bankruptcy Rule 6004-1, on an "As Is, Where Is" basis, and free and clear of any and all liens, claims or encumbrances, for the purchase price of $90,000.00, plus applicable sales taxes in the amount of $7,535.85, in accordance with the terms of a certain Purchase Agreement between the Trustee and the Purchaser, a copy of which is annexed to the Motion as Exhibit "A"; and the Trustee having received payment of $97,535.85 from an entity owned and controlled by the Purchaser; and it appearing that good and sufficient notice of the Motion has been given as evidenced by the declaration of service filed with the Court; and no other

_____

[1] All capitalized terms utilized herein but not defined herein shall have the meanings ascribed to them in the Motion or the Purchase Agreement annexed to the Motion as Exhibit "A".

or further notice being necessary; and a hearing on the Motion having been held before this Court on March 26, 2025 (the "Hearing"); and no objections having been filed to the Motion; and upon the record of the Hearing; and for good and sufficient cause; it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the Trustee be and hereby is authorized to sell and convey all of the Debtor's estate's interest in and to the Artwork to the Purchaser on a private sale basis and in "as is" and "where is" condition, free and clear of any and all liens, claims and encumbrances, without any representations or warranties by Trustee or the Debtor's estate, for the sum of $90,000.00, plus payment by the Purchaser of applicable sales taxes in the amount of $7,535.85, as provided for in the Purchase Agreement; and it is further

**ORDERED**, that the Purchase Agreement, and the terms and conditions thereof, are approved; and it is further

**ORDERED**, that the failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety; and it is further

**ORDERED**, that the Trustee is authorized and directed to perform her obligations under and comply with the terms of the Purchase Agreement, and to take all actions and to execute such documents and instruments necessary to consummate the sale of the Artwork pursuant to and in accordance with the terms and conditions of the Purchase Agreement and/or in furtherance of the implementation of this Order; and it is further

**ORDERED**, that this Order and the Purchase Agreement shall be binding in all respects upon all creditors of the Debtor and parties-in-interest in this case (whether known or unknown), all successors and assigns of the Purchaser, the Debtor, and the Trustee (if any); and it is further

**ORDERED**, that the Trustee's service of the Notice of Motion with respect to the sale provided for hereunder is deemed sufficient; and it is further

**ORDERED**, that the Purchase Agreement may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided, however, that any such modification, amendment, or supplement is not material; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. §§ 105(a) and 363(b) and (f), the Artwork shall be transferred to the Purchaser, and upon entry of this order shall be free and clear of all liens, claims and encumbrances, with all such liens, claims and encumbrances of any kind or nature whatsoever to attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Artwork, subject to any claims and defenses the Debtor and/or the Trustee may possess with respect thereto; and it is further

**ORDERED**, that the transfer of the Artwork to the Purchaser pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Artwork, and shall vest the Purchaser with all right, title, and interest of the Debtor and the Debtor's estate in and to such Artwork free and clear of all liens, claims and encumbrances of any kind or nature whatsoever; and it is further

**ORDERED**, that the Purchaser is deemed a good faith purchaser pursuant to Section 363(m) of the Bankruptcy Code and entitled to the protections of such provision; and it is further

**ORDERED**, that, notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed after the entry hereof and shall be effective and enforceable immediately upon entry hereof; and it is further

**ORDERED**, that this Court shall retain jurisdiction over any dispute or controversy arising from or related to the entry of this Order.

Dated: New York, New York
_____, 2025

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE